**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MANUEL TRUJILLO,

Plaintiff,

vs. No. 2:20-cv-00627-KWR-CG

CURRY COUNTY DETENTION CENTER,
WARDEN MARK GALLEGOS,
CURRY COUNTY SHERIFF'S DEPARTMENT,
SHERIFF WESLEY WALLER, and
CITY MANAGER LANCE PILE,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten civil rights complaint (Doc. 1) and Amended Prisoner's Civil Rights Complaint (Doc. 3) ("Complaint") filed by Plaintiff Manuel Trujillo. The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Plaintiff Manuel Trujillo were returned as undeliverable. (Doc. 9, 11). The Court's research indicates that Plaintiff Trujillo was released from the Curry County Detention Center on November 30, 2020. It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on March 3, 3031, directing Plaintiff Trujillo to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 10). More than 30 days has elapsed since entry of the

Order to Show Cause and Plaintiff Trujillo has not provided the Court with a new address, responded to the Court's Order, communicated with the Court, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Trujillo has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's March 3, 2021 Order to Show Cause.

Plaintiff Trujillo has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the handwritten complaint (Doc. 1) and Amended Prisoner's Civil Rights Complaint (Doc. 3) filed by Plaintiff Manuel Trujillo are **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**